# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARYLAND CASUALTY CO.** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | 3:12-CV-1872 |
| | : | (JUDGE MARIANI) |
| **MARTIN BURRIDGE**, et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. Introduction

On September 19, 2012, Plaintiff filed a declaratory judgment action with this Court, seeking a declaration that it owed neither a duty to defend nor to indemnify its insured, Martin Burridge and Burridge Tent Rentals (collectively "Burridge") in an underlying negligence action in state court[1] and that it further has no obligation to afford coverage for punitive damages.

Presently before the Court are Motions to Dismiss from the Burridge Defendants and the McGrath Defendants. (Doc. 4; Doc. 12). The sole basis for Defendants' motions is that the Court should decline to exercise its jurisdiction over this declaratory judgment action brought under 28 U.S.C. § 2201 and FED. R. CIV. P. 57.

---

[1] The underlying state court case is captioned at *McGrath v. Burridge*, Court of Common Pleas, Luzerne County, No. 10269-2012.

For the reasons set forth below, the Court will grant both motions and close the case.[2]

## II. Factual Allegations

Plaintiff Maryland Casualty Company ("Maryland Casualty") is an insurance company which issued a commercial insurance policy ("Policy") to Martin Burridge d/b/a Burridge Tent Rental. (Complaint ("Compl."), Doc. 1, at ¶¶ 1, 10). At the time the policy was in effect, Burridge was involved in an accident with a motorcyclist, Warren McGrath, while Burridge was transporting folding tables and chairs in his pickup truck. (*Id.* at ¶¶ 10, 13, 14). The underlying state court complaint claimed that Burridge had been acting "in the course and scope of his agency or employment with Burridge Tent Rentals," and that he "improperly secured his load," which caused the chairs to fall onto the road and "into the path of" McGrath's oncoming motorcycle. (*Id.* at ¶¶ 14, 15). McGrath's "motorcycle made contract [*sic*] with one of the chairs, which caused the motorcycle to flip" (*id.* at ¶ 17), and as a result, McGrath "sustained numerous, significant bodily injuries." (*Id.* at ¶ 18). McGrath then sued Burridge for negligence, punitive damages, and loss of consortium, and Burridge in turn, "tendered the underlying action to Maryland Casualty for defense and indemnity under the Maryland Casualty Policy." (*Id.* at ¶¶ 19, 20).

Under the terms of the Policy, coverage "does not apply to: 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any

---

[2] As such, Maryland Casualty's pending Motion for Summary Judgment (Doc. 18) is rendered moot.

aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (*Id.* at ¶ 21) ("Auto exclusion"). "Auto" is defined as "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But 'auto' does not include 'mobile equipment'." (*Id.*). Plaintiff's Complaint then goes on to seek a declaration that under the Auto exclusion, the Policy does not cover Burridge's accident with McGrath. (*Id.* at ¶¶ 22-33).

### III. Standard on Motion to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

3

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. Analysis

The Declaratory Judgment Act provides "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory

4

Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Id.* at 287 (internal citation omitted).

Third Circuit "precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). Plaintiff correctly argues that "the coverage issues being litigated are neither close nor unsettled. There are no novel issues being litigated in, nor implicated by, this matter," and "the instant matter turns on purely state law." (Doc. 10, at 7, 8). Plaintiff goes on to say that "the state law at issue in the present coverage dispute is not unsettled." (*Id.* at 8). Yet, the Third Circuit stated in *Summy* that "[w]hen the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare." 234 F.3d at 136.

A district court does "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." *Id.* at 134. However, none of those concerns are present here. As

5

in *Summy*, "[n]ot a single federal question was presented to the District Court by [Maryland Casualty]." *Id.* at 136.

"The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Id.*; *see also Reifer v. Westport Ins. Corp.*, -- F. Supp. 2d --, 2013 WL 1833800, at *5 (M.D. Pa. May 1, 2013) (declining to exercise jurisdiction "over this purely state law issue"); *Hartford Ins. Co. of the Se. v. John J.*, 848 F. Supp. 2d 506, 510 (M.D. Pa. 2012) (declining to exercise jurisdiction, in part, because the absence of "a parallel state proceeding is clearly outweighed by the lack of any federal interest in this dispute.") (citing *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 632 (W.D. Pa. 2002)); *Liberty Mut. Grp. v. Thomas*, 702 F. Supp. 2d 512, 513 (E.D. Pa. 2010) ("District courts should adopt a general policy of restraint when a declaratory judgment action is restricted to state law and the same issues are pending in state court.") (citing *Summy*, 234 F.3d at 134) (internal quotation marks omitted); *Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F. Supp. 2d 571, 576-77 (W.D. Pa. 2006) ("In sum, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well-settled. There is a parallel proceeding in state court. The state court is perfectly capable of resolving this dispute in accordance with its own law.").[3] As such, the Court will decline to exercise its jurisdiction over this matter.

---

[3] The parties disagree as to whether the pending state court litigation is a parallel state court proceeding which will resolve the coverage issues or whether Plaintiff will have to re-file a declaratory judgment action in state court. (*Compare* Doc. 10, at 9-10 *with* Doc. 14, at 3). Whether or not there is a parallel state court proceeding pending, the Court is well within its discretion to decline jurisdiction, and Plaintiff will still have a forum available to

## V. Conclusion

Because this action raises only matters of "firmly established" state law and because there is no federal concern present, the Court will decline to exercise jurisdiction over this declaratory judgment action and will grant Defendants' Motions to Dismiss (Doc. 4; Doc. 12). An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

have its coverage issue decided. "A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135.